USDC SCAN INDEX SHEET

















JPP    7/6/06    17:13

3:06-CV-01334    SUPERNOVA FROM V. MARK BURNETT

*1*

*CMP.*

1 | John A. Mizhir, Jr. (SBN 190756)
FISH & RICHARDSON P.C.
2 | 12390 El Camino Real
San Diego, CA 92130
3 | Tel: (858) 678-5070; Fax: (858) 678-5099

 FILED

06 JUN 27 PM 3:54

CLERK U S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4 | Anthony L. Fletcher (Pro hac vice application to be filed shortly)
FISH & RICHARDSON P.C.
5 | Citigroup Center – 52nd Floor
153 East 53rd Street
6 | New York, NY  10022
Tel: (212) 765-5070; Fax: (212) 258-2291

  BY                              DEPUTY

7

8 | Attorneys for Plaintiff
SUPERNOVA FROM CYNOT3, LLC
9

10 | UNITED STATES DISTRICT COURT

11 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13 | SUPERNOVA FROM CYNOT3, LLC,
a California limited liability company,
14 |

Plaintiff,
15 |
v.
16 |
MARK BURNETT PRODUCTIONS, INC., a
17 | purported California corporation; JMBP,
INC., a purported California corporation;
18 | ROCKSTAR ENTERTAINMENT, INC., a
purported California corporation; CBS
19 | BROADCASTING, INC., a purported New
York corporation; THOMAS LEE BASS,
20 | a/k/a TOMMY LEE, an individual; GILBY
CLARKE, an individual; JASON CURTIS
21 | NEWSTED, an individual; and DOES 1
through 100,
22 |
Defendants.
23

Case No. **06CV 1334   JAH RBB**

COMPLAINT FOR:

1. False Designations of Origin and False
   Descriptions in Violation of Lanham Act
2. Intentional Interference with Prospective
   Economic Advantage
3. Declaratory Judgment That Defendants Are
   Not Entitled to Registration of the Marks
   SUPERNOVA and ROCK STAR:
   SUPERNOVA

**JURY TRIAL DEMANDED**

24

25

26

27

28

1  

Complaint

Plaintiff Supernova From Cynot3, LLC ("Supernova" or "Plaintiff"), for its Complaint against Defendants Mark Burnett Productions, Inc. ("Mark Burnett"), JMBP, Inc. ("JMBP"), Rockstar Entertainment, Inc. ("Rockstar"), CBS Broadcasting, Inc. ("CBS"), Thomas Lee Bass, a/k/a Tommy Lee ("Tommy Lee"), Gilby Clarke, Jason Curtis Newsted ("Jason Newsted"), and Does 1 through 100 (collectively "Defendants"), hereby states and alleges as follows:

## NATURE OF THE ACTION

1.     Since no later than 1989, Plaintiff (including its predecessors in interest) has continuously engaged in the entertainment business in the State of California and beyond under the mark SUPERNOVA, including the creation and composition of original, copyrighted rock and roll music, performance of its original, copyrighted rock and roll music at concerts, in clubs and for recording, and the sale of recordings and collateral SUPERNOVA merchandise and fashion accessories.  As a direct result of the foregoing activities, Plaintiff has acquired exclusive rights in the "SUPERNOVA" trade name, trademark and service mark for its musical entertainment goods and services.

2.     Defendants Mark Burnett, JMBP, Rockstar, CBS, Tommy Lee, Gilby Clarke, Jason Newsted, and Does 1 through 100 have begun to infringe, have continued to infringe, and intend to continue infringing Plaintiff's rights in the SUPERNOVA name and mark.

## THE PARTIES

3.     Plaintiff Supernova is a California limited liability company with its principal place of business located in Irvine, California.  It is the successor to the members of Plaintiff SUPERNOVA, Arthur Mitchell (1989-present), Dave Collins (1989-present), and Jodey Lawrence (1994-present).  Collins and Lawrence are citizens and residents of California, and Mitchell is a citizen and resident of Texas.  Hereafter, the term "Plaintiff" shall refer to the present Plaintiff and its predecessors, whichever may be appropriate for the time of which the Complaint then speaks.

4.     On information and belief, Defendant Mark Burnett is a corporation organized and existing under the laws of the State of California, and it is engaged in the entertainment business, with its principal place of business located at 9899 Santa Monica Boulevard, PMB 208, Beverly Hills, California  90212.

Complaint

5.     On information and belief, Defendant JMBP is a corporation organized and existing under the laws of the State of California, and it is engaged in the entertainment business, with its principal place of business located at 9899 Santa Monica Boulevard, PMB 208, Beverly Hills, California 90212.

6.     On information and belief, Defendant Rockstar is a corporation organized and existing under the laws of the State of California, and it is engaged in the entertainment business, with its principal place of business located at 9899 Santa Monica Boulevard, PMB 208, Beverly Hills, California 90212.

7.     On information and belief, Defendant CBS is a corporation organized and existing under the laws of the State of New York, and it is registered to do business in the State of California, with its principal place of business located at 1515 Broadway, New York, New York 10036.

8.     On information and belief, Defendant Thomas Lee Bass, a/k/a Tommy Lee, is an individual and resident of the State of California.

9.     On information and belief, Defendant Gilby Clarke is an individual and resident of the State of California.

10.    On information and belief, Defendant Jason Curtis Newsted is an individual and resident of the State of California.

11.    Plaintiff does not currently know the true names of defendants Does 1 through 100; however, Plaintiff will seek leave of court to amend this Complaint by alleging the true names and capacities of defendants Does 1 through 100 when they are ascertained.

12.    On information and belief, at all relevant times with respect to the offenses alleged in this Complaint, the Defendants were acting in concert, with the knowledge and consent of the other Defendants, such that each and every Defendant is liable and responsible for the acts of the remaining Defendants.

## JURISDICTION AND VENUE

13.    This action arises, *inter alia,* under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*, as amended (the "Lanham Act"). This Court has subject matter jurisdiction pursuant to

Complaint

1   Section 39 of the Lanham Act, 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 (federal question jurisdiction)

2   and § 1338(a) (trademark infringement), supplemental jurisdiction over the state law claim pursuant

3   to 28 U.S.C. §§ 1338(b) and 1367(a), and jurisdiction over the declaratory judgment claim pursuant

4   to 28 U.S.C. § 2201.

5        14.     On information and belief, jurisdiction in this court is proper because Defendants

6   reside in, do business in, and/or are subject to personal jurisdiction in this judicial district.

7        15.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

8   **BACKGROUND**

9   **Plaintiff's Adoption and Longstanding Use of the SUPERNOVA Mark**

10        16.     Plaintiff SUPERNOVA is a well-known rock and roll band.  Since at least as early as

11   1989, Plaintiff has been using the SUPERNOVA name and mark to identify the source of its

12   musical products and services (and related merchandise) and to distinguish its musical products and

13   services (and related merchandise) from the related products and services (and merchandise) of

14   others.

15        17.     In 1989, Plaintiff began writing original songs and performing live rock and roll

16   music under the SUPERNOVA name and mark.

17        18.     At least as early as August of 1991, Plaintiff began performing live rock and roll

18   music in California night clubs under the SUPERNOVA name and mark.

19        19.     At least as early as 1992, Plaintiff began recording, distributing, marketing,

20   promoting, and selling sound recordings under the SUPERNOVA name and mark.  In 1992,

21   Plaintiff released the seven-inch record *Long Hair & Tattoos* on the Odyssey Records label under

22   the SUPERNOVA name and mark.  In 1993, Plaintiff recorded the seven-inch record *Calling Hong*

23   *Kong* on the Goldenrod Records label under the SUPERNOVA name and mark.  The *Calling Hong*

24   *Kong* record contained three songs, "Calling Hong Kong," "Chewbacca," and "Pop as a Weapon."

25   Plaintiff, under the SUPERNOVA name and mark, also recorded the seven-inch record *Electric*

26   *Man* on the well-known independent label Sympathy for the Record Industry.

27   / / /

28

                Complaint

20. In 1993, Plaintiff played its first live concerts outside the state of California under the SUPERNOVA name and mark. The band also performed on the national television program *Bill Nye the Science Guy* under the SUPERNOVA name and mark.

21. In 1994, Plaintiff embarked on a tour of the United States under the SUPERNOVA name and mark and recorded the seven-inch record *Costa Mesa Hates Me* on the Tres Hombres Musica record label. Also in 1994, Plaintiff licensed its song "Chewbacca" for use in Kevin Smith's hit movie, "Clerks." The song also is included in the official "Clerks" soundtrack record, which on information and belief was released by a record label owned by Sony. On information and belief, Sony also owns CBS Records, which is a related entity to Defendant CBS. On information and belief, the "Clerks" soundtrack is and has been for sale in retail outlets and/or on the Internet, including mainstream websites such as *amazon.com* and *bestbuy.com*, continuously since 1994. Plaintiff's song "Chewbacca" refers to the beloved wookiee character introduced in George Lucas' first "Star Wars" film (Episode IV – A New Hope).

22. In 1995, Plaintiff signed a recording contract with Amphetamine Reptile Records ("AmRep"), and recorded its first full-length album, *Ages 3 and Up,* under the SUPERNOVA name and mark. After signing with AmRep, Plaintiff launched a second nationwide tour under the SUPERNOVA name and mark. The band played at venues located throughout the United States, including Denver, St. Louis, New York City, Boston, Philadelphia, Orlando, Memphis, and Chicago. The band performed live alongside such artists as The Dandy Warhols, Rocket From the Crypt, and the Presidents of the United States of America. Plaintiff also performed on the Warped Tour alongside No Doubt and Sublime. Also in 1995, Plaintiff recorded the five-inch record *Monsta!!* on the Sympathy for the Record Industry label, and placed its single "Math" on the Amphetamine Reptile Europe records compilation *AmRep Motors 1995 Models*, all under the SUPERNOVA name and mark.

23. In 1996, Plaintiff recorded the seven-inch record How Much More on the Sympathy for the Record Industry label under the SUPERNOVA name and mark. Later that year, the major-label record company Atlantic Records began promoting and distributing Plaintiff's records, compact discs and cassette tapes under the SUPERNOVA name and mark all over the world

1    pursuant to an agreement with AmRep.  The band also continued touring nationwide, performing

2    alongside such acts as Boss Hog, the Supersuckers, and Reel Big Fish under the SUPERNOVA

3    name and mark.

4         24.    In 1997, cable television network MTV asked Plaintiff for a license to use the band's

5    song "Chewbacca" at the 1997 MTV Movie Awards.  Plaintiff granted the license, and MTV used

6    the song in connection with the presentation of a Lifetime Achievement Award to Chewbacca

7    during the nationally televised broadcast. On information and belief, Carrie Fisher, the actress who

8    played Princess Leia in the "Star Wars" films, presented the award, and Peter Mayhew, the actor

9    who played Chewbacca, appeared in costume to accept the award.  On information and belief, MTV

10   presented the award in part as a tongue-in-cheek acknowledgment to fans of the "Star Wars" films,

11   who had observed that Chewbacca did not receive a medal at the end of the original "Star Wars"

12   movie despite his heroic role in the destruction of the Death Star.  On information and belief,

13   MTV's use of Plaintiff's song "Chewbacca" at the 1997 MTV Movie Awards evidences that the

14   song had become firmly entrenched in the pop culture vernacular of MTV and its audience.  On

15   information and belief, MTV is a related entity to Defendant CBS.

16        25.    Also in 1997, Plaintiff's single song "Vitamins [Live TV Version]" appeared on an

17   AmRep compilation titled *AmRep Equipped*, and Plaintiff's cover version of Devo's "Gates of

18   Steel" appeared on the Centipede Records compilation *We Are Not Devo*, both under the

19   SUPERNOVA name and mark.  Plaintiff also recorded the live record *Live at the Lava Room* and

20   licensed its song "Math" for use in the film "Tromeo & Juliet."  The song was also included on the

21   film's official soundtrack.

22        26.    In 1998, Plaintiff released its second full-length album under the SUPERNOVA

23   name and mark.  The album was untitled, but is commonly referred to as the *Rox* album because

24   there are three rocks depicted on the album cover.  Plaintiff toured under the SUPERNOVA name

25   and mark in support of the album, including an appearance at South by Southwest ("SXSW"), an

26   interactive music festival and conference that has taken place in Austin, Texas every spring since

27   1987. SXSW is one of the largest music festivals in the United States, with more than 1,000 acts

28   performing at Austin's various live music venues each March.

Complaint

1    27.    In or about 2001, Plaintiff released its third full-length album under the

2 SUPERNOVA name and mark, *Pop As a Weapon*. In 2003, the Plaintiff's single "Electric Man"

3 appeared on the Sympathy for the Record Industry compilation, *Their Sympathetic Majesties*

4 *Request: Volume 2.*

5    28.    Albums bearing Plaintiff's SUPERNOVA mark, including *Ages 3 & Up*, the *Rox*

6 album, and *Pop As a Weapon*, are available for consumers to purchase in retail outlets and online at

7 such mainstream consumer websites as *amazon.com* and *bestbuy.com*. On information and belief,

8 Plaintiff's records have been available for consumers to purchase in retail outlets and online under

9 the SUPERNOVA name and mark at such mainstream consumer websites as *amazon.com* and

10 *bestbuy.com* continuously since at least as early as 2000.

11    29.    After releasing the *Pop As a Weapon* album, the members of Supernova took a break

12 from the rigors of touring to start families, finish educations, and catch up on other things they had

13 missed during their years on the road. The band members continued to stay in touch with each

14 other and continued to write new songs. Since 2000, Plaintiff has received continuing royalties for

15 both performances if its copyrighted musical compositions, and for sales of records under the

16 SUPERNOVA name and mark in various formats.

17    30.    It is not unusual for rock and roll bands to take a hiatus. On information and belief,

18 Defendant Jason Newsted was a member of the band Metallica from 1986 to 2001. On information

19 and belief, Metallica went five years without releasing a full-length studio album between 1991 and

20 1996. On information and belief, Metallica released its eponymous fifth album in 1991, but did not

21 release its sixth album, *Load*, until 1996. On information and belief, if another band had begun

22 performing and releasing albums under the Metallica name in 1995, Metallica would have had a

23 valid claim for trademark infringement, despite the fact that Metallica had not released an album in

24 the previous four years.

25    31.    In early 2006, the members of Plaintiff began discussing a return to the studio to

26 record new material that the band had written after the 2000 release of *Pop As a Weapon*. Plaintiff

27 also began booking new tour dates under the SUPERNOVA name and mark.

28

Complaint

32.     Plaintiff has used the prominently displayed SUPERNOVA name and mark in commerce in connection with the advertising, marketing, and sale of original rock and roll music recordings and related products in California and throughout the United States since at least as early as 1993.

33.     Plaintiff has used the prominently displayed SUPERNOVA name and mark in commerce in connection with the advertising, marketing, and sale of merchandise and trade goods, including, but not limited to, t-shirts, posters, promotional items, and related products in California and throughout the United States since at least as early as 1993.

34.     Plaintiff has used the prominently displayed SUPERNOVA mark in commerce in connection with the advertising, marketing, and sale of live performances, as well as in connection with the actual live performances of original rock and roll music compositions in California and throughout the United States since at least as early as 1993.

35.     As a direct result of Plaintiff's long and extensive experience, care, and skill in performing all of the foregoing activities under the prominently displayed SUPERNOVA mark, the popular music industry and its public have come to identify Plaintiff as the sole and exclusive source of original rock and roll music recordings and compositions and related products to which the SUPERNOVA mark is applied.

36.     As a further direct result of Plaintiff's long and extensive experience, care, and skill in performing all of the foregoing activities under the prominently displayed SUPERNOVA mark, Plaintiff has earned a reputation and established notoriety, recognition, credibility, and goodwill in the SUPERNOVA mark.

**Defendants' Willful Infringement of Plaintiff's Trademark Rights in the SUPERNOVA Mark**

37.     On information and belief, Defendants recently began marketing, promoting, and advertising a competing musical group referred to as "SUPERNOVA." On information and belief, Defendants intend to record, perform, advertise, market, and sell recordings and live performances under the SUPERNOVA mark in the State of California and throughout the United States.

38.     Defendants' marketing materials, promotions, advertisements, and websites state that Defendants' musical group "SUPERNOVA" is comprised of Tommy Lee, Gilby Clarke, Jason

1   Newsted, and a vocalist, DOE 1, who will be determined by a process of elimination on a television

2   show produced by Mark Burnett, JMBP, Rockstar and/or DOES 40 through 60.  On information

3   and belief, said television show will be broadcast by CBS and DOES 61 through 100 in the State of

4   California and throughout the United States.  Defendants' advertising states that Butch Walker will

5   co-write and produce an album for Defendants' musical group "SUPERNOVA."

6     39. Defendants' use of the SUPERNOVA mark began long after Plaintiff's adoption and

7   use of the SUPERNOVA mark.  Defendants have engaged in, and continue to engage in, all of the

8   foregoing activities without Plaintiffs' consent, permission, or authority.  Moreover, Defendants'

9   have engaged in, and continue to engage in, all of the foregoing activities with full knowledge of,

10   and intentional disregard for, Plaintiff's rights in the SUPERNOVA mark.

11     40. On information and belief, prior to Defendants' adoption of the SUPERNOVA mark,

12   individuals within Defendants' own organizations informed Defendants of Plaintiff's rights in the

13   SUPERNOVA mark.  On information and belief, one of the individuals who informed Defendants'

14   of Plaintiff's rights in the SUPERNOVA mark is Butch Walker, who according to Defendants'

15   advertising will co-write and produce an album for Defendants' musical group "Supernova."  On

16   information and belief, on or about May 11, 2006, Mr. Walker sent Plaintiff a message saying:

17
18      i can't believe those dudes chose your name.. for the record, i tried to talk them out of
   it. i told them i had a cd by a band from back in the day called supernova and they
   were retarded for doing it. they didn't listen. good on ya for making a stink about it.

19   A printout depicting Mr. Walker's message to Plaintiff is attached hereto as Exhibit A.  Thus,

20   Defendants had prior knowledge of Plaintiff's SUPERNOVA mark.  Defendants' decision to use

21   the SUPERNOVA mark even after learning of Plaintiff's ownership of the SUPERNOVA mark

22   clearly illustrates Defendants' bad faith intent to willfully infringe Plaintiff's SUPERNOVA mark.

23     41. After Defendants announced the adoption of the SUPERNOVA mark, the national

24   music press recognized that Defendants' use of the mark would infringe Plaintiff's intellectual

25   property rights.  For example, a news story that appeared on MTV's website at *mtv.com*, and on

26   VH1's website at *vh1.com*, stated:

27
28      With Supernova in place for the talent contest, the "Rock Star" camp could end up
   running into some legal trouble down the line over the supergroup's name.  Back in
   the early 1990s, a poppy punk trio called Supernova emerged from California's

                 Complaint

Orange County.  The band, which released its first album on Atlantic Records in 1995, is perhaps best known for the track "Chewbacca," which appeared on the soundtrack to Kevin Smith's "Clerks."

A true and correct copy of the news story from MTV's website at *mtv.com* is attached hereto as Exhibit B.  A true and correct copy of the news story from VH1's website at *vh1.com* is attached hereto as Exhibit C.  On information and belief, VH1, like MTV, is a related entity to Defendant CBS.

42.     Immediately upon the discovery of Defendants' infringing use of the SUPERNOVA mark, Plaintiff demanded, and continues to demand, that Defendants cease all such infringing uses of Plaintiff's SUPERNOVA mark.

43.     Despite Plaintiff's demands and the warnings of others, Defendants continue to knowingly and deliberately infringe upon Plaintiff's SUPERNOVA mark with complete and total disregard for Plaintiff's rights.

44.     The parties' respective marks are identical.  Both parties use the SUPERNOVA mark.

45.     Both parties use the SUPERNOVA mark in connection with identical and/or closely related goods and services.

46.     On information and belief, the parties' marketing channels are identical.  On information and belief, any albums released by Defendants' musical group "Supernova" will be available in retail outlets and online at such mainstream consumer websites as *amazon.com* and *bestbuy.com*.

47.     Upon information and belief, Defendants' unauthorized use of Plaintiff's SUPERNOVA mark has caused, and is likely to continue to cause, confusion and mistake among consumers as to source, sponsorship, and approval of Defendants' goods, and the affiliation, connection or association between Defendants and Plaintiff, all to Plaintiff's substantial harm. Defendants' use of Plaintiff's SUPERNOVA mark has caused and is causing actual confusion and initial interest confusion among consumers.  Defendants' conduct creates the likelihood of both forward confusion, whereby the public is deceived into believing that Defendants' name, goods and services are produced, provided, endorsed, or authorized by Plaintiff, and reverse confusion,

9                                    Complaint

1  whereby the public is deceived into believing that Plaintiff's name, goods and services are

2  produced, provided, endorsed, or authorized by Defendants, or, alternatively, that Plaintiff is an

3  imitator and infringer of Defendants and their name and marks.

4      48.    Defendants' use of the SUPERNOVA mark deprives, and will increasingly deprive,

5  Plaintiff of the benefit of the goodwill Plaintiff has built up in the SUPERNOVA mark and

6  threatens to destroy Plaintiff's goodwill.

7      49.    Defendants have continued to use a trademark that is confusingly similar to

8  Plaintiff's SUPERNOVA mark in connection with goods and services that are competitive with

9  and/or closely related to Plaintiff's goods and services despite Defendants' knowledge and actual

10 notice of Plaintiff's superior rights in the SUPERNOVA mark and despite Plaintiff's express

11 written instructions to Defendants to cease all use of the SUPERNOVA mark.

12                                    **COUNT I**

13                  **For False Designations of Origin and False Descriptions**
                   **In Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)**
14

15     50.    Plaintiff re-alleges and incorporates by reference the allegations set forth in

16 paragraphs 1 through 49 above.

17     51.    Defendants' conduct  constitutes the unauthorized use in commerce of the word,

18 term and name SUPERNOVA, or of a false designation of origin which is likely to cause confusion,

19 or to cause mistake, or to deceive the public as to the origin, sponsorship, or approval of

20 Defendants' goods, services and commercial activities by plaintiff.

21     52.    Shortly, Defendants' conduct, by virtue of the exposure of national television, will

22 become likely to, and will, create confusion, cause mistake and deceive the public as to the origin,

23 sponsorship, or approval of Plaintiff's name and marks by Defendants – also known as "reverse

24 confusion" – thus irreparably depriving Plaintiff of the benefit of its many years of effort to

25 establish the SUPERNOVA mark and name in the arena of rock and roll music.

26     53.    On information and belief, Defendants adopted the SUPERNOVA mark with full

27 knowledge of Plaintiff's prior use of the SUPERNOVA mark.  Accordingly, Defendants' acts have

28 been and are willful.

                                       10                              Complaint

1    54.    Defendants' acts complained of above are violative of Section 43(a) of the Lanham

2  Act, 15 U.S.C § 1125(a).

3    55.    Unless enjoined, the acts of Defendants alleged herein will continue to cause

4  Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law.

5                                    **COUNT II**

6              **For Intentional Interference with Prospective Economic Advantage**

7    56.    Plaintiff re-alleges and incorporates by reference the allegations set forth in

8  paragraphs 1 through 55 above.

9    57.    Through Plaintiff's extensive, continuous, and exclusive use of the SUPERNOVA

10  mark and trade name, Plaintiff has established, and continues to develop and maintain, business

11  relationships and prospective economic advantages with numerous individuals and entities,

12  including, but not limited to, concert promoters, music publishers, booking agents, concert venues,

13  record labels, magazines, photographers, film producers, screen writers, recording artists, television

14  and cable stations and networks, radio stations, disc jockeys, tour managers, record producers,

15  sound engineers, rehearsal studios, recording studios, graphic artists, fashion designers, fashion

16  merchandisers, and many others.

17    58.    Plaintiff's business relationships resulted in, and, in the absence of outside

18  interference, will continue to result in, offers to perform at concerts with other prominent recording

19  artists, offers to publish Plaintiff's music, offers to record music, offers to associate the

20  SUPERNOVA mark with clothing and fashion accessories, offers to sponsor musical equipment

21  and accessories, offers to license sound recordings to major motion pictures and television

22  networks, offers to participate in television pilots, offers to plan joint ventures with action sport and

23  clothing designers, manufacturers, and merchandisers who value the SUPERNOVA mark and the

24  opportunity to associate themselves with the SUPERNOVA mark.

25    59.    Plaintiff's business relationships have resulted in economic advantages to both

26  Plaintiff and those individuals and entities with whom Plaintiff shares the business relationships,

27  and these business relationships are the type that will continue to provide prospective economic

28  advantages in the absence of outside interference.

60.     Defendants' infringing uses of Plaintiff's SUPERNOVA mark have caused, and will continue to cause, interference with Plaintiff's business relationships and prospective economic advantages.

61.     Defendants' infringing uses of the SUPERNOVA mark and trade name constitute unprivileged and wrongful conduct, beyond the interference itself, that falls outside the boundaries of fair competition.

62.     Defendants knew that their infringing uses of the SUPERNOVA mark would interfere, or would be substantially certain to interfere, with Plaintiff's continuing business relationships and prospective economic advantages.

63.     Defendants intended to interfere with Plaintiff's business relationships by infringing upon, and diluting the SUPERNOVA mark and trade name and by engaging in the conduct alleged in this complaint.

64.     Defendants' intentional interference with Plaintiff's business relationships has caused, and will continue to cause, damages to Plaintiff's business relationships, including, but not limited to, the loss of prospective economic advantages.

## COUNT III

**For Declaratory Judgment That Defendants Are Not Entitled
to Registration of the Marks SUPERNOVA and ROCK STAR: SUPERNOVA**

65.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 64 above.

66.     On information and belief, Defendant JMBP filed seven U.S. trademark applications for the marks SUPERNOVA, namely, U.S. App. Ser. Nos. 78/836,196; 78/839,998; 78/840,015; 78/840,053; 78/847,364; 78/847,368; and 78/847,375.

67.     On information and belief, Defendant JMBP filed two U.S. trademark applications for the mark ROCK STAR: SUPERNOVA, namely, U.S. App. Ser. Nos. 78/892,914 and 78/892,921.

68.     On information and belief, Defendant JMBP declared under oath when it filed its applications (Ser. Nos. 78/836,196; 78/839,998; 78/840,015; 78/840,053; 78/847,364; 78/847,368;

1   and 78/847,375; 78/892,914; and 78/892,921) for the marks SUPERNOVA and ROCK STAR:

2   SUPERNOVA that Defendant JMBP believed it was entitled to use of the marks in commerce and

3   that no one else had the right to use the marks in commerce, either in identical form or in such near

4   resemblance as to be likely to cause confusion or mistake, or to deceive.

5       69.     Plaintiff had been using the SUPERNOVA mark in commerce on identical and/or

6   closely related goods long before Defendant JMBP filed its trademark applications for the

7   SUPERNOVA and ROCK STAR:  SUPERNOVA marks.

8       70.     On information and belief, Defendant JMBP made knowingly false representations

9   in that it knew of, or should have known of and could easily have ascertained, Plaintiff's

10  longstanding prior use of the SUPERNOVA mark when Defendant JMBP filed its trademark

11  applications for the SUPERNOVA and ROCK STAR:  SUPERNOVA marks.

12      71.     On information and belief, Defendant JMBP made these statements with the intent to

13  induce the PTO to grant JMBP registrations to which Defendant JMBP knew it was not entitled.

14      72.     Upon information and belief, if this Court does not declare that Defendant JMBP's

15  trademark applications are fraudulent, The Commissioner of Patents and Trademarks will register

16  the marks applied-for, or at the very least cost Plaintiff substantial sums of money and years of

17  administrative litigation to avert the fraud upon the Patent and Trademark Office and deny

18  Defendant JMBP the registrations to which it is not entitled.

19                          **PRAYER FOR RELIEF**

20      WHEREFORE, Plaintiff prays that the Court enter judgment:

21      1.      That Defendants have made false designations of origin and false representations in

22  commerce in violation of 15 U.S.C. § 1125(a);

23      2.      That Defendants have intentionally interfered with Plaintiff's prospective economic

24  advantage;

25      3.      That Defendants' U.S. Trademark Applications (Ser. Nos. 78/836,196; 78/839,998;

26  78/840,015; 78/840,053; 78/847,364; 78/847,368; and 78/847,375; 78/892,914; and 78/892,921) are

27  not entitled to registration;

28

4.    Preliminarily and permanently enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with Defendants, from:

(a)    Using, promoting, displaying, licensing, advertising, offering for sale, selling, transferring, registering, assigning or otherwise employing or exploiting Plaintiff's SUPERNOVA mark;

(b)    Committing any other acts calculated or having the tendency to cause confusion, mistake, or deception between Plaintiff and its goods and services on the one hand, and Defendants or any other party's goods and services on the other;

(c)    Committing any other acts calculated or having the tendency to create the mistaken impression that there is some association, connection or affiliation with and/or sponsorship or approval of Defendants' goods and services by Plaintiff, and/or of Plaintiff's goods and services by Defendants;

(d)    Committing any other acts calculated or having the tendency to dilute the distinctive quality of Plaintiff's SUPERNOVA mark or to otherwise unfairly compete with Plaintiff or injure Plaintiff's business reputation or goodwill;

(e)    Authorizing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) through (d).

(f)    committing trademark infringement, trademark dilution, false advertising, false designation of origin, false descriptions, unfair competition, and/or any other act or making any other statement that infringes Plaintiff's trademarks or constitutes an act of trademark infringement, trademark dilution, false advertising, false designation of origin, false descriptions, unfair competition, or deceptive trade practices under federal law, common law, or the laws of the State of California.

5.    Requiring Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, containers, advertisements, electronic media, and other materials bearing the

Complaint

1  SUPERNOVA mark or any other counterfeit, copy, infringing, or substantially indistinguishable

2  designation of Plaintiff's SUPERNOVA mark;

3      6.      Requiring Defendants to publish clarifying statements that Defendants are not

4  associated with Plaintiff;

5      7.      Requiring Defendants to account for and pay over to Plaintiff Defendants' profits

6  and all damages sustained by Plaintiff due to Defendants' misuse of Plaintiff's SUPERNOVA

7  mark;

8      8.      Trebling the amount of damages awarded Plaintiff pursuant to 15 U.S.C. § 1117;

9      9.      Awarding to Plaintiff its attorneys' fees, costs and expenses pursuant to 15 U.S.C.

10  § 1117;

11      10.     Awarding to Plaintiff compensatory damages suffered by Plaintiff according to

12  proof;

13      11.     Awarding to Plaintiff punitive damages in an amount sufficient to deter and punish

14  Defendants;

15      12.     Awarding to Plaintiff interest on the compensatory damages at the highest rate

16  allowed by law;

17      13.     Awarding to Plaintiff the costs of suit incurred herein; and

18      14.     Awarding to Plaintiff such other relief as the Court may deem just and proper.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demands a trial by jury as to all issues triable by jury.

3

4   Dated:  June 27, 2006                    FISH & RICHARDSON P.C.

5

6                                            By: _____
7                                                Anthony L. Fletcher, Esq.
                                                 John A. Mizhir, Esq.
8
                                             Attorneys for Plaintiff
9   10643996.2.doc                           SUPERNOVA FROM CYNOT3, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16                                                        Complaint

1

## VERIFICATION

2    I, the undersigned, declare and say:

3    I am the CO-MANAGER at SUPERNOVA FROM CYNOT3, LLC in the below-referenced

4    action, and am authorized to verify these responses on its behalf. I have read the foregoing

5    COMPLAINT and know the contents thereof. I certify that the same is true to the best of my

6    knowledge, except as to those matters which are thereon stated upon my information and belief, and

7    as to those matters, I believe them to be true.

8    I declare under penalty of perjury under the laws of the State of California, that the

9    foregoing is true and correct and that if called as a witness I could competently testify thereto.

10    Executed this __27__ day of June, 2006, in __Irvine__, California.

11

12

13    _____
     JODEY LAWRENCE

14

15    *Supernova Cybot3, LLC vs. Mark Burnett Productions, Inc., et al.*

16

17

18

19

20

21

22

23

24

25

26

27

28

From: 

butch walker

Date:      May 11, 2006 12:17 AM Flag spam/abuse. [ ? ]

Subject:   yo!!

Body:      saw you wanted me to add you.. i cant believe those dudes chose your name..
for the record, i tried to talk them out of it. i told them i had a cd by a band
from back in the day called supernova and they were retarded for doing it.
they didn't listen. good on ya for making a stink about it. hope you're well..

b



the pussycat dolls

cingular

MTV NEWS

**Navigation**

News Main: Headlines
MTV Overdrive
News Archive
Movie Headlines
Interviews
News Correspondents
You Hear It First
You Tell Us

**Related Links**

MTV News Podcasts: PC | MAC
MTV Video Downloads
Sign Up For Daily News Updates
Sign Up For Band Alerts
Add MTV News To My Yahoo

**Headlines**

"American Idol' Recap: Paris Works
Beyonce Song, Chris Digs Up Old
Creed

Game Sues Koch Over Release Of
His Early Recordings

News Archive

Search Music

SEARCH

## Tommy Lee, Jason Newsted Turn To 'Rock Star' For Supergroup Singer
03.16.2006

Former Guns N' Roses guitarist Gilby Clarke is also on board for newly formed Supernova.

Tommy Lee
*Photo: Patrick Riviere/Getty Images*

Over the last few weeks, hundreds of undiscovered singers have been blindly auditioning for the second season of CBS' "Rock Star," not knowing which band they'd be asked to front should they follow in J.D. Fortune's footsteps and walk away from the reality television experiment victorious.

The producers behind "Rock Star" have now revealed that they've recruited three big names to form a rock supergroup, musicians who will leave it up to America to find the band's voice.

Mötley Crüe kitman Tommy Lee, former

mtv.com - News - Tommy Lee, Jason Newsted Turn To 'Rock Star' For Supergroup Singer

3/29/2006

at&t
Now only
$12.99 /mo.
FOR A YEAR
Order Now »
sbc at&t
Available online only. Other monthly charges apply. See details.

Metallica bassist and current Voivod member Jason Newsted, and onetime Guns N' Roses axeman Gilby Clarke will be banding together as Supernova, utilizing the Mark Burnett-produced "Rock Star" to secure a lead singer.

The show's first season featured the surviving members of INXS. Fortune was picked to replace the late Michael Hutchence, and the revived outfit released Switch in November (see "INXS Insist Finding J.D. Was An 'Organic' Process, Think 'Angels Got Together' "). To date, the album has sold close to 308,000 copies.

Burnett's team has enlisted songwriter Butch Walker to produce the inaugural Supernova offering, which will be released in 2007, in conjunction with a full U.S. tour. Walker has produced and written tunes for the likes of Avril Lavigne, Pink, Bowling for Soup, Sevendust and Lindsay Lohan. He also worked with Lee on his 2005 solo release, Tommyland: The Ride.

Dave Navarro and Brooke Burke are set to return as the show's hosts. Each week, "Rock Star" will feature guest appearances by notable musicians and other celebrities. "Friends of mine, like Slash, Macy Gray, Moby and Rob Zombie, will join us and throw in their two cents about who should stay and who should go," Navarro told Variety.

Lee remains an active Crüe member, and Newsted — who left Metallica five years ago — is preparing for the spring launch of Katorz, the first Voivod album in the band's 20-plus-year career recorded without founding guitarist Denis 'Piggy' D'Amour, who succumbed to colon cancer back in late August (see "Voivod Guitarist Denis 'Piggy' D'Amour Dies Of Cancer At 45"). Clarke's resumé includes his three-year tenure as the rhythm guitarist for GN'R, and a brief stint with L.A. Guns. He also played with the reformed MC5 on their 2005 European tour.

Alice in Chains drummer Sean Kinney told MTV News last month that the band had been approached by the producers of "Rock Star" for the second season, but that they turned the offer down (see "Remaining Alice In Chains Members Reuniting For Summer Gigs "). The surviving members of that group — Kinney, bassist Mike Inez, and guitarist Jerry Cantrell — have reunited, and are planning a brief run of U.S. clubs this May. Alice in Chains are in the process of auditioning singers who'll be asked to step into the late Layne Staley's shoes for the group's imminent touring and recording plans.

With Supernova in place for the talent contest, the "Rock Star" camp could end up running into some legal trouble down the line over the use of the supergroup's name. Back in the early 1990s, a poppy punk trio called Supernova emerged from California's Orange County. The band, which released its first album on Atlantic Records in 1995, is perhaps best known for the track "Chewbacca," which appeared on the soundtrack to Kevin Smith's "Clerks."

— Chris Harris

Federline Moving Songs From The Lab To Clubs For Testing

Britney Spears Sued By Ex-Bodyguards, Immortalized In Controversial Sculpture

For The Record: Quick News On Shakira, Diddy, Jack White, Nick Lachey, Michael Jackson, Paul Well & More

'Idol' Finalists Spill Song-Selection Secrets; Bo Bice Offers Advice

'Sin City' Characters — Even Dead Ones — Returning For Sequel

'Weird Al' Fans Tired Of People Not Walking All Over Him

George Lawmakers OK Bible As Textbook In Public Schools

Prince Crowned Billboard King, Scoring Very First #1 Debut

Ne-Yo, Baby Bash Join 'Idol' Dropout Mario Vazquez On Debut

Fantasy Fighting Game Inspired By How The World Viewed 9/11

R. Kelly's Brother: Being Blamed In Case 'Destroyed My Life'

Forget The Jack Black You Know; He's Strong, Swift, Smart

'Ice Age' Sequel Has Poop Jokes But No Sloth Lovin'

**More Headlines**

**News Features**

**Prince Gets A Brand-New Crown**
... plus Britney is sued by her ex-bodyguards, K-Fed is stoked for his Aug. debut, only two of three ninth graders are graduating high school and more

In MTV News' Overnight Edition.

**Spring Break Service**
Volunteer work leaves students with a warm feeling — and for once it's not a hangover.

**T.I.: Unlikely King**
"I came from nothing, I been in shootouts. I ain't supposed to be in no movie."

**Did Chris Rip Off Live?**
... plus your thoughts on R. Kelly, Michael Jackson, Professor X and more in You Tell Us.

**Three 6 Roll With Gold**
"I couldn't get in a club, so I pulled out the Oscar and they let me right in," Juicy J says.

**Call Them Sellouts?**
Red Jumpsuit Apparatus on success, alien abductions and living in trailers.

▷ For more on Tommy Lee, check out the **MTV News Archive**

▷ What do you think of this story? **You Tell Us**

▷ **E-Mail this story to a friend**

▷ Back to News Archive: Tommy Lee

**Related Stories**

**Tommy Lee Headlines**

Paris Hilton Parties, Steve Carell Plays Against Type As Sundance Buzzes Along

For The Record: Quick News On R. Kelly, Jamie Foxx, Green Day, Hillary Duff, Diddy, Tommy Lee & More

Tommy Lee's Life Is Being Made Into A Movie ... No, Not *That* Kind

Tommy Lee Injured In Onstage Pyrotechnics Display

Tommy Lee Flaunts His 'Peacock': How His Reality Show Came To Be

Tommy Lee Says He Got College Nookie, Ponders Future In Police Academy

New Releases: ODB, Staind, Tommy Lee, Pennywise, Proof, Chimaira, Hootie & The Blowfish

Tommy Lee Parties With Good Charlotte, Slash And, Er, Nick Carter on *Tommyland*

Tommy Lee Gets Mixed Up With The Mafia — Onscreen

From Porn Stars To Jail Time, Tommy Lee's Life Is An Open Book

▷ **More Tommy Lee Headlines**

**Band Links**

**Tommy Lee**
News Archive: Tommy Lee



**Prince Gets A Brand-New Crown**
... plus Britney is sued by her ex-bodyguards, K-Fed is stoked for his debut....

**The Amazing Break**
College students skip partying to get more out of spring break, helping the...

*Laguna Beach: Complete First Season [3 Discs]*
List Price: $39.98
**You Pay: $24.99**
BUY NOW ⇒

*Jackass, Vol. 1*
List Price: $19.99
**You Pay: $13.69**
BUY NOW ⇒

© 2006 MTV Networks. © and TM MTV Networks. ALL RIGHTS RESERVED.
Help: FAQs, Terms of Use and PRIVACY STATEMENT/Your CA Privacy Rights, Advertising Opportunities
E-commerce on this website is brought to you by MTVN Direct Inc.

**Brought to you by**

Schick
**Quattro**

.com

JOIN VH1.com

SIGN IN

my ACCOUNT | JOIN VH1.COM | HELP | FAQ | CART

Search VH1.com [Go]

| Videos | Music | Shows | Movies | Games | News | Mobile | Shop |

**MUSIC NEWS**

- **American Idol Recap: Paris Works Beyonce Song, Chris Digs Up Old Creed**
- **Game Sues Koch Over Release Of His Early Recordings**
- **Federline Moving Songs From The Lab To Clubs For Testing**
- **Britney Spears Sued By Ex-Bodyguards; Immortalized In Controversial Sculpture**
- **Idol' Finalists Spill Song-Selection Secrets; Bo Bice Offers Advice**
- **'Sin City' Characters — Even Dead Ones — Returning For Sequel**
- **Weird Al' Fans Tired Of**

**NEWS : STORIES**



# Tommy Lee, Jason Newsted Turn To 'Rock Star' For Supergroup Singer

03.16.2006 10:40 AM EST

Former Guns N' Roses guitarist Gilby Clarke is also on board for newly formed Supernova.

by Chris Harris

← Tommy Lee (Photo: Patrick Riviere/Getty Images)

Over the last few weeks, hundreds of undiscovered singers have been blindly auditioning for the second season of CBS' "Rock Star," not knowing which band they'd be asked to front should they follow in J.D. Fortune's footsteps and walk away from the reality television experiment victorious.

The producers behind "Rock Star" have now revealed that they've recruited three big names to form a rock supergroup, musicians who will leave it up to America to find the band's voice.

ORTHO
TRI-CYCLEN LO
(norgestimate/ethinyl estradiol)

Highly effective

birth control. Low hormones.

Easy to stay on.

IMPORTANT SAFETY INFORMATION

Get a FREE month

Mötley Crüe kitman Tommy Lee, former Metallica bassist and current Voivod member Jason Newsted, and onetime Guns N' Roses axeman Gilby Clarke will be banding together as Supernova, utilizing the Mark Burnett-produced "Rock Star" to secure a lead singer.

The show's first season featured the surviving members of INXS. Fortune was picked to replace the late Michael Hutchence, and the revived outfit released Switch in November (see "INXS Insist Finding J.D. Was An 'Organic' Process, Think 'Angels Got Together'"). To date, the album has sold close to 308,000 copies.

Burnett's team has enlisted songwriter Butch Walker to produce the inaugural Supernova offering, which will be released in 2007, in conjunction with a full U.S. tour. Walker has produced and written tunes for the likes of Avril Lavigne, Pink, Bowling for Soup, Sevendust and Lindsay Lohan. He also worked with Lee on his 2005 solo release, Tommyland: The Ride.

Dave Navarro and Brooke Burke are set to return as the show's hosts. Each week, "Rock Star" will feature guest appearances by notable musicians and other celebrities. "Friends of mine, like Slash, Macy Gray, Moby and Rob Zombie, will join us and throw in their two cents about who should stay and who should go," Navarro told Variety.

Lee remains an active Crüe member, and Newsted — who left Metallica five years ago — is preparing for the spring launch of Katorz, the first Voivod album in the band's 20-plus-year career recorded without founding guitarist Denis 'Piggy' D'Amour, who succumbed to colon cancer back in late August (see "Voivod Guitarist Denis 'Piggy' D'Amour Dies Of Cancer At 45"). Clarke's résumé includes his three-year tenure as the rhythm guitarist for GN'R, and a brief stint with L.A. Guns. He also played with the reformed MC5 on their 2005 European tour.

Alice in Chains drummer Sean Kinney told MTV News last month that the band had been approached by the producers of "Rock Star" for the second season, but that they turned the offer down (see "Remaining Alice In Chains Members Reuniting For Summer Gigs"). The surviving members of that group — Kinney, bassist Mike Inez, and guitarist Jerry Cantrell — have reunited, and are planning a brief run of U.S. clubs this May. Alice in Chains are in the process of auditioning singers who'll be asked to step into the late Layne Staley's shoes for the group's imminent touring and recording plans.

- **People Not Walking All Over Him**
- **Fantasy Fighting Game Inspired By How The World Viewed 9/11**
- **Prince Crowned** Billboard King, Scoring Very First #1 Debut
- **'Ice Age' Sequel Has Peop Jokes, But No Sloth Lovin'**
- **KT Tunstall Outdoes The Guru, But Label Still Won't Trust Her**
- **R. Kelly's Brother, Being Blamed In Case, 'Destroyed My Life'**
- **Ne-Yo, Baby, Bash Join Vida Dropout Mario Vazquez On Debut**
- **Forget The Jack Black You Know: He's Strong, Swift, Smart**
- **Rewind: Why Bad Girls Make For Good Movies**

HOME

**BROWSE NEWS**

A B C D E E G
H I J K L M N
O P Q R S T U
V W X Y Z #

With Supernova in place for the talent contest, the "Rock Star" camp could end up running into some legal trouble down the line over the supergroup's name. Back in the early 1990s, a poppy punk trio called Supernova emerged from California's Orange County. The band, which released its first album on Atlantic Records in 1995, is perhaps best known for the track "Chewbacca," which appeared on the soundtrack to Kevin Smith's "Clerks."

This report is provided by MTV News

♡ Tommy Lee

- **Receive Free Music News Daily Via Email**
- **More Breaking Music News**
- **Post Your Opinions On This Story And Read What Others Are Saying.**
- **MY Yahoo! Add VH1 News to My Yahoo**

**Radio@VH1**

**Best Week Ever Radio (Pop Culture)**
All the songs from VH1's twisted pop culture show. Listen now!

**Play : Win!**

**50 Cent**
Think you know all about 50? Test Your Smarts with our quiz and find out!

**Shop VH1**

**VH1 Celebrity Fit Club**
**Bootcamp Workout DVD** BUY NOW →
Price: $14.95

KNOW

Search VH1.com [          ] GO

Home | Video | Music | Shows | Movies | News | Mobile | Shop | Newsletters | Fan Sites | Public Affairs | Help/Faq

Media Kit | Jobs | Advertising Info | RSS Add RSS Headlines
Terms of Use | Privacy Policy and your California Privacy Rights
E-commerce on this website is brought to you by MTVN Direct Inc.

© 2006 MTV Networks

VH1.com : News : Tommy Lee, Jason Newsted Turn To 'Rock Star' For Supergroup Singer

**youknow** **ONLY ON VH1.COM**

AO 120 (Rev.3/04)

| TO:          Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised
that a court action has been filed in the U.S. District Court San Diego on the following Patents or Trademarks:

| DOCKET NO.<br><br>06CV1334-JAH(RBB) | DATE FILED<br><br>06/27/06 | U.S. DISTRICT COURT<br><br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Supernova From Cynot3, LLC | | DEFENDANT<br><br>Mark Burnett Productions, Inc. et al. |

| **PATENT OR<br>TRADEMARK NO.** | **DATE OF PATENT<br>OR TRADEMARK** | **HOLDER OF PATENT OR TRADEMARK** |
|---|---|---|
| 1 see complaint (enclosed) | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment        ☐ Answer        ☐ Cross Bill        ☐ Other Pleading | |
|---|---|---|
| **PATENT OR<br>TRADEMARK NO.** | **DATE OF PATENT<br>OR TRADEMARK** | **HOLDER OF PATENT OR TRADEMARK** |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Director          Copy 3 - Upon termination of action, mail this copy to Director
Copy 2 - Upon filing document adding patent(s), mail this copy to Director          Copy 4 - Case file copy

JS 44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SUPERNOVA FROM CYNOT3, LLC

(b) County of Residence of First Listed Plaintiff Orange County, California
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
MARK BURNETT PRODUCTIONS, INC.; MB INC.; ROCKSTAR ENTERTAINMENT, INC.; CBS BROADCASTING, INC.; THOMAS LEE BASS, a/k/a TOMMY LEE; GILBY CLARKE; JASON CURTIS NEWSTED; and DOES I through 100

County of Residence of First Listed Defendant Los Angeles, California
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorneys (Firm Name, Address, and Telephone Number)
John A. Mizhir, Jr. (SBN 190756)
Fish & Richardson P.C. (Southern California)
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070

Attorneys (If Known)
**06CV1334   JAH RBB**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- - - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement under 15 U.S.C. §§1051 et seq. and related claims.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   Demand: $   CHECK YES only if demanded in Complaint
JURY DEMAND   ☒ Yes   ☐ No

**VIII. RELATED CASE(S)** (See Instructions)   JUDGE 8   DOCKET NUMBER
**IF ANY**

DATE
June 27, 2006

SIGNATURE OF ATTORNEY OF RECORD

TYPE NAME OF ATTORNEY
John A. Mizhir, Jr.

FOR OFFICE USE ONLY
RECEIPT # 126354   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE