UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUPERNOVA FROM CYNOT3, LLC, | ) | Civil No. 06CV1334 JAH (RBB) |
| Plaintiff, | ) ) | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | ) ) | |
| MARK BURNETT PRODUCTIONS, INC., et al. | ) ) ) | [DOC. NO. 22] |
| Defendants. | ) ) | |

## INTRODUCTION

Now before this Court is Defendants Mark Burnett Productions, Inc., JMBP, Inc. and Rockstar Entertainment, Inc. (collectively "Defendants") motion to dismiss Plaintiff Supernova from CYNOT3 ("Plaintiff") first amended complaint. Doc. No. 22. The matter has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court DENIES Defendants' motion to dismiss Plaintiff's first amended complaint.

## BACKGROUND

On June 27, 2006, Plaintiff filed a complaint claiming Defendants Mark Burnett Productions, Inc., JMBP, Inc., Rockstar Entertainment, Inc., CBS Broadcasting, Inc., Thomas Lee Bass a/k/a Tommy Lee, Gilby Clarke and Jason Curtis Newsted infringed its common law trademark SUPERNOVA. Plaintiff alleged false designations of origin and false descriptions in violation of the Lanham Act, intentional interference with prospective economic advantage,

as well as a declaratory judgment that Defendants are not entitled to the registration of the marks. On August 10, 2006, Plaintiff filed a first amended complaint adding claims for untrue and misleading advertising and unfair competition in violation of California law, common law trademark infringement, common law unfair competition and common law unjust enrichment. Doc. No. 8.

On August 10, 2006, Plaintiff moved this Court ex parte for an order shortening time for the hearing on the preliminary injunction motion. Doc. No. 6. Defendant JMBP, Inc. filed an opposition to Plaintiff's ex parte application on August 14, 2006. Doc. No. 10. On August 16, 2006, Plaintiff filed its motion for preliminary injunction, which was scheduled for oral argument on October 19, 2006. Doc. No. 14. This Court issued an Order granting Plaintiff's ex parte application to shorten time on the preliminary injunction hearing, and re-scheduled the preliminary injunction hearing for September 11, 2006. Doc. No. 20.

On August 21, 2006, Defendants Mark Burnett Productions, Inc., JMBP, Inc. and Rockstar Entertainment, Inc. ("Defendants") filed their motion to dismiss and simultaneously filed an ex parte application to shorten time for a hearing on their motion to dismiss. Doc. Nos. 21 and 22. Defendant JMBP, Inc. also filed an ex parte application on August 21, 2006 to continue Plaintiff's preliminary injunction hearing and for expedited discovery. Doc. No. 26. On August 23, 2006, this Court granted Defendants' ex parte application to shorten time, and advanced the motion to dismiss hearing to August 31, 2006. Doc. No. 25. Plaintiff filed an opposition on August 25, 2006. Doc. No. 29. This Court took the matter under submission on August 29, 2006 pursuant to Civ.LR 7.1(d.1). Doc. No. 36.

## DISCUSSION

1. **Legal Standard**

    A. **Service of Process**

    Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure allow a defendant to file a motion to dismiss for insufficiency of process and insufficiency of service of process. In order for this Court to exercise jurisdiction over a party, a plaintiff must have properly effected service pursuant to the Federal Rules of Civil Procedure. Benny v. Pipes, 799 F.2d 489,

492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."). Service of process for individuals is governed by Fed. R. Civ. P. 4(e), which states in relevant part:

> [S]ervice upon an individual from whom a waiver has not been obtained and filed ... may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located ...; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (West 2005). For service on a corporation, service of process is governed by Fed. R. Civ. P. 4(h), which states in relevant part:

> [S]ervice upon a domestic ... corporation ... shall be effected:
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant ....

Fed. R. Civ. P. 4(h) (West 2005). The plaintiff bears the burden of establishing the validity of the service of process. *See* Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992); Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir. 1985).

### B. Standing

A federal court's judicial power is limited to "cases" or "controversies." U.S. Const., Art. III § 2. A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in the lawsuit." Valley Forge College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1152 (9th Cir. 2000). Plaintiff has the burden of showing that it has standing. United States v. Hays, 515 U.S. 737, 743 (1995). In determining standing, the Court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party," Wilbur v. Locke, 423 F.3d 1101, 1107 (9th Cir. 2005)(internal citations omitted), unless the challenging party presents a factual attack. Wolfe v. Strankman, 392 F.3d 358, 363 (9th Cir. 2004). In Wolfe, the Ninth Circuit explained that:

> [I]n a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

Id. (citing Safe Air For Everyone v. Meyer, 373 F.3d 1035 (9th Cir. 2004)). Thus, when faced with a factual attack, the Court may consider extrinsic evidence without converting the motion into a motion for summary judgment. Safe Air, 373 F.3d at 1039.

**2.    Analysis**

Defendant contends that Plaintiff's first amended complaint should be dismissed for: 1) failing to properly serve process on Defendants; and 2) lack of standing to bring suit by Plaintiff. Doc. No. 23 at 2.

**A.    Service of Process**

Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) is based on two grounds: 1) all defendants in the instant action were improperly served; and 2) the summons is defective.

a.    Improper Service on Individual Defendants

Defendants first argue that service of process was improper because the individual defendants were not served personally pursuant to Fed. R. Civ. P. 4(e)(2). Doc. No. 23 at 3-4. The individual defendants Thomas Lee Bass aka Tommy Lee, Gilby Clarke and Jason Curtis Newsted, have all been voluntarily dismissed from the case. Doc. No. 28. Accordingly, Defendants' argument is moot as to the individual defendants.

b.    Improper Service on Corporate Parties

Defendants next argue that service of process was improper on the corporate defendants because personal service was not made "upon an officer, managing agent, or authorized agent of the [corporate] entity" as required under Fed. R. Civ. P. 4(h). Doc. No. 23 at 4. Defendants admit that its counsel was served with the summons and complaint, but contend that "[n]either the receptionist nor anyone at The Hecker Law group ... is an officer, managing agent, or authorized agent for the purpose of accepting service of process for any of the corporate entities." Id.

In response, Plaintiff points out that the failure to personally serve Defendants was due

to Defendants' failure to maintain a correct address for their authorized agent who could accept service of process, as well as the refusal of Defendants' counsel, Mr. Gary Hecker, to accept service on Defendants' behalf when personal service could not be perfected. Doc. No. 29 at 1-2. Plaintiff also points out that service was performed on the parties through substitute service, as provided for under Cal. Code Civ. Proc. § 415.20. Doc. No. 31, Mizhir Decl. at ¶ 17.

Fed. R. Civ. P. 4(h) directs a party to serve a corporate defendant either through personal service to an "officer, a managing or general agent, or to any other [authorized] agent", or through "the manner prescribed for individuals by subdivision (e)(1)." Fed. R. Civ. P. 4(h)(1). Fed. R. Civ. P. 4(e)(1) allows service to be performed "pursuant to the law of the state in which the district court is located." California law allows plaintiffs to serve the summons and complaint not only through personal service to designated representatives of the corporation as directed under Cal. Code Civ. Proc. § 416.10, but also through substitute service:

> [D]uring usual office hours in his or her office ... with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. Proc. § 415.20(a). Accordingly, Defendants' argument that improper service occurred in the instant matter solely because personal service was not perfected is incorrect. If Plaintiff served the corporate defendants through substitute service, as allowed under California law, then service would have been proper and Defendants' arguments would be rejected.

Plaintiff provides evidence through the declaration of Genaro Ruiz, Plaintiff's process server, as well as proof of service documents provided to this Court, that Plaintiff had personally delivered and mailed a copy of the summons and first amended complaint to Defendants Mark Burnett Productions, Inc., JMBP, Inc. and Rockstar Entertainment, Inc. at 640 N. Sepulveda Blvd., Los Angeles, California 90049, Defendants' listed business address. *See* Mizhir Decl. at ¶¶ 13-15; Ruiz Decl. at ¶¶ 7-80; Doc. Nos. 41, 43 and 44. The Court notes that although Mr. Ruiz served the summons and complaint on Mr. Guillermo Ruiz, a security guard at defendants' company, the service performed was substantially compliant with California case law, which requires only that service be performed on a person "whose 'relationship to the person to be

served makes it more likely than not that they will deliver process to the named party.'" <u>Bonita Packing Co. v. O'Sullivan</u>, 165 F.R.D. 610, 614, quoting <u>Bein v. Brechtel-Jochim</u>, 6 Cal.App.4th 1387, 1393 (1992).  In <u>Bein</u>, the California appellate court, in noting that a security guard stationed at a residential community can be considered a "person apparently in charge," could accept substituted service of process because a gate guard's relationship "made it more likely than not that he would deliver process to [defendants]."  6 Cal.App.4th at 1393-94; *see also* <u>Ludka v. Memory Magnetics Int'l</u>, 25 Cal.App.3d 316, 320-21 (1972) (service on receptionist proper).

Furthermore, the California Supreme Court and Ninth Circuit Court of Appeals have held that "substantial compliance" of service requirements are met "so long as the opposing party receives sufficient notice of the complaint." <u>Straub v. A.P. Green</u>, 38 F.3d 448, 453 (9th Cir. 1994), citing to <u>Chan v. Society Expeditions, Inc.</u>, 39 F.3d 1398, 1404 (9th Cir. 1994); <u>Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988); <u>Pasadena Mail Assoc. v. Superior Court</u>, 9 Cal.3d 773, 778 (1973) (commenting that the legislature meant for Cal. Code Civil Proc. § 416.10 to "be liberally construed."). Defendants here do not complain that they did not receive notice of the complaint or summons, only that the process was improper.  Defendants' counsel, Mr. Hecker, also admits that he did receive the summons and complaint, and therefore did have actual notice of the summons and complaint.  Doc. No. 22 at 3.  Because provisions of service should be "liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant," *see* <u>Bein</u>, 6 Cal.App.4th at 1392, this Court finds that service was proper in this case.  Accordingly, Plaintiff's substituted service of process was in substantial compliance with Cal. Civ. Proc. Code § 415.20, and service on corporate defendants was not improper.

    c. <u>Defective Summons</u>

Defendants also argue that the face of summons is defective, and therefore service improper, because the "TO" section of the summons was left blank, and that the summons list the document to be responded to as the "Complaint" and not the "First Amended Complaint." Doc. No. 22 at 5.  Although Defendants state that "[t]his Court has discretion to excuse minor

defects in a summons," Defendants contend that the defects are "far from minor" because the summons fails to identify "who is being served, who needs to respond, or what needs to be responded to." Id. at 5-6, citing to Matthews Metals Products, Inc. v. RBM Precision Metal Products, Inc., 186 F.R.D. 581, 582 (N.D. Cal. 1999). Plaintiff does not address Defendants' argument.

Although Defendants do argue that the summons comprises major defects because they cannot respond properly to the complaint, their actions belie this contention. Defendants did file a motion to dismiss the complaint, accordingly fulfilling their requirements under Fed. R. Civ. P. § 12(a) as defendants in this action. Defendants also cannot complain that they did not know what complaint to respond to because the summons was attached to the first amended complaint. *See* Doc. Nos. 41, 43 and 44. Moreover, the first amended complaint and the summons clearly listed Defendants as parties to the action in their corporate capacity. Defendants, therefore, suffered no prejudice that would affect their ability to respond to the summons and first amended complaint. *See* Chan, 39 F.3d at 1404. Defendants' argument that the summons was defective on its face is unpersuasive.

### d. Conclusion

For the reasons stated above, this Court finds that Plaintiff's service of process on Defendants was proper, and accordingly DENIES Defendants' motion to dismiss for improper service, or in the alternative to quash Plaintiff's service of process.

### B. **Standing**

Defendants finally argue that Plaintiff lacked standing to sue at the time it brought the instant action, requiring this action to be dismissed. Doc. No. 22 at 6. Defendants do not contend that Plaintiff has not sufficiently pled an injury or causative facts to support constitutional standing in the instant matter. Instead, Defendants argue that Plaintiff cannot assert standing because it did not have rights to the trademark at the time the lawsuit was filed. Defendants first state that although the alleged individual band members assigned their interest in the contested trademark to the California limited liability company, Supernova from Cynot3, the written assignment took place on June 29, 2006, three days after the initiation of the

instant lawsuit. Id. Defendants acknowledge that although the band members allegedly verbally assigned the SUPERNOVA mark to the company prior to the filing of the complaint, a "verbal assignment is not effective" for the purposes of establishing standing to sue in a trademark infringement case. Id.

Plaintiff disputes Defendants' contentions, stating that no written assignment is necessary where infringement of a common law trademark is alleged. Doc. No. 29 at 2. Plaintiff points out that the amended complaint alleges false designation of origin and false representation under § 43(a) of the Lanham Act, which "provides a vehicle for assertion of even *unregistered* marks and names." Id. at 2-3, quoting 4 McCarthy on Trademarks § 27:14 (emphasis in original).

In support of its contentions, Defendants cite to Enzo APA & Son, Inc. v. Geapag, A.G., 134 F.3d 1090 (Fed. Cir. 1998). Defendants use of Enzo lacks merit. Enzo is a patent infringement case, where patent ownership and the ability to bring suit can be conferred to a corporation or business entity through a valid written assignment governed by the relevant patent statutes. *See* 134 F.3d at 1093. Trademark infringement suits, however, can be filed on the basis of non-registered trademarks under § 43(a) of the Lanham Act. *See* 15 U.S.C. § 1125(a). Assignment of these common law trademarks are not governed by 15 U.S.C. § 1060(a) as contended by Defendants. *See* Doc. No. 22 at 6. Moreover, valid assignments of common law rights in a trademark, contrary to Defendant's contentions, can be verbal and thus is not limited to formal written devices. Speed Products Co. v. Tinnerman Products, 179 F.2d 778, 782 (2d Cir. 1949); Belden v. Zophar Mills, 34 F.2d 125, 126 (2d Cir. 1929). Accordingly, Defendants' motion to dismiss for lack of standing is DENIED.

///
///
///
///
///
///

1 **CONCLUSION AND ORDER**

2 Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Defendants'
3 motion to dismiss is **DENIED**.

6 DATED:        September 5, 2006

8 Hon. John A. Houston, U.S. District Judge
United States District Court